

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-1995

# In Re: Unisys Corp (Mem Op)

Precedential or Non-Precedential:

Docket 94-2166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"In Re: Unisys Corp (Mem Op)" (1995). *1995 Decisions.* Paper 173.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/173

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 94-2166

———————

IN RE:  UNISYS CORP. RETIREE MEDICAL BENEFIT
"ERISA" LITIGATION

 *Waldo R. Udarbe, Geraldine S. Seaman, Peter
Freeman, Lawrence M. Merck, Reed C. Jansen, David
M. Burton, Dean Wright Martin, Frederick A.
Benson, Roger Vincent Gillette, Charles P.
Johnson, Lloyd E. VanDeBerg, Joan R. Johnson,
George Alvin McKellar, Kenneth Raymond Fechter,
Arthur Blaine Buckner, Marlan L. Nielson, Anthony
T. Dagostino, Lucille C. Amell, Dale E. Allar,
Robert B. Rademacher, Harry W. Duchene, Philip H.
Desilets, Jean B. Baregi, LeRoy C. Rees, Fred R.
Murray, Joan D. Harty, Charles M. Harkness,
Wallace L. Anderson, Edward J. Joa, Lewis H.
Sampson, James A. Moha, Billy M. Garrish, John
Kourajian, Marion K. Doody and other members of
the Sperry class who should have been included in
the settlement group but were not,

Appellants

*(Pursuant to F.R.A.P. Rule 12(a))

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. MDL-969)
District Judge:  Honorable Edward N. Cahn

———————

Argued
May 4, 1995
Before:  MANSMANN, SCIRICA and McKEE, Circuit Judges.

(Filed June 28, 1995)

———————

MEMORANDUM OPINION OF THE COURT

———————

MANSMANN, Circuit Judge.

This appeal is one of five presently before us with origins in a class action suit filed on behalf of retired employees of Unisys Corporation and its predecessors, Sperry Corporation and Burroughs Corporation.[1] These employees contend that Unisys violated provisions of the Employee Retirement Income Security Act ("ERISA") when it terminated its post-retirement medical plan effective January 1, 1993 and implemented a revised plan. The former employees challenge this change in plan, alleging breach of contract, breach of fiduciary duty, and equitable estoppel.

While multiple issues are presented in the five appeals, our focus in this particular appeal is limited. Specifically, we must determine whether a sub-group of former employees has standing to challenge the district court's October 26, 1994 approval of a settlement reached between Unisys and certain other retirees following trial. Because we conclude that the appellants in this matter lack standing to challenge the settlement, we will affirm the order of the district court to the extent that the order was based upon findings with respect to standing.[2]

---

[1]. The four other pending appeals Nos. 94-1800; 94-1801; 94-1875 and 94-1912 do not bear directly upon the issue presented here and will be treated in separate opinions.

[2]. Our opinion is confined to the issue of standing; we make no determination regarding the terms of the partial settlement.

I.

Because the factual underpinnings of this case are not in dispute, we include here only those facts necessary to place our decision in context.

Following the filing of multiple lawsuits by retirees against Unisys in several states, the suits were consolidated and transferred to the Eastern District of Pennsylvania where a class action was certified. From some 21,000 former employees of Burroughs, Sperry, and Unisys, three separate classes were created: Sperry retirees, Burroughs retirees, and Unisys retirees. For each corporate employer, the retirees' claims were divided into two groups. The first group of claims was made on behalf of all "regular" retirees. A second set of claims was made on behalf of "early" retirees who left Unisys and its predecessors under various early retirement incentive programs.

In October, 1993, the district court granted a partial summary judgment in favor of Unisys on all claims brought by Burroughs and Unisys regular retirees and on the breach of fiduciary duty and equitable estoppel claims brought by Sperry regular retirees. In re Unisys Corp. Retiree Medical Benefits ERISA Litg., 837 F. Supp. 670 (E.D. Pa. 1993).

The remaining claims were tried to the court. Following the trial but before the decision was announced, Unisys negotiated a settlement on behalf of Sperry and Burroughs early retirees. The proposed stipulation of settlement and dismissal included those 7,400 former employees classified as VRIPs and

expressly excluded all Sperry regular retirees including those former employees classified as VRIFs.

Taking the proposed settlement into account, the district court further subdivided the Sperry retirees. Retirees who had taken early retirement pursuant to a Voluntary Early Retirement Plan (VRIPs) were distinguished from those who had elected to retire early under the terms of a Voluntary Reduction in Force Plan (VRIFs). VRIFs were classified as "regular" rather than "early" retirees for purposes of further litigation. The district court then disposed of the remaining claims by entering judgment in favor of Unisys on the contract claims made by regular Sperry retirees and on the contract, estoppel and fiduciary duty claims of the Unisys VRIPs. Judgment was entered on behalf of the Sperry regular retirees (including the VRIFs) with respect to the breach of fiduciary duty claim. Timely appeals were filed.

Proceedings in the district court continued while the proposed settlement agreement was submitted for court approval. Following notification of all class members included in the settlement, the district court held a fairness hearing after which the court issued an order approving the agreement, stating that its terms were fair, reasonable, and adequate. The settlement was approved despite objections raised by VRIF retirees, who argued that they should have been included in the settlement given that there was no rational basis upon which they could be distinguished from the other Sperry early retirees (the VRIPs). In its memorandum discussing the approval of the

settlement, the district court rejected the VRIF challenge, stating that:

> [T]hese retirees do not have standing to object to the settlement before this court. This settlement does not pertain to them; rather it is a settlement of the claims of 7400 other members of the plaintiff class. Unisys saw these retirees and their claims as distinct from the settlement class and thus refused to include them in settlement negotiations. The fact that Unisys did so does not make the existing settlement unfair. Moreover, these plaintiffs not included in the settlement will continue to have their claims litigated as regular retirees.

In re Unisys, MDL No. 969 (E.D. Pa. 1994) at p.10.

The Sperry VRIF retirees ask that we vacate the settlement approved by the district court. They attack the settlement on a number of grounds, arguing that: (1) the settlement is invalid because it discriminates against members of the Sperry class by providing benefits to some members of the class (the VRIPs) while denying benefits to other members of the class (the VRIFs); (2) there is no rational basis for surrendering the rights of non-settling (VRIF) members of the class; (3) the plaintiffs' attorney had conflicts of interest; and (4) the non-settling members of the class (the VRIFs) were not adequately represented.

Because we conclude that the Sperry VRIF retirees lack standing to challenge the validity of the partial settlement between Unisys and the Sperry and Burroughs VRIP retirees, we need not reach the merits of the VRIF claims.

II.

Standing is an "essentially legal question" and our review is plenary. In re School Asbestos Litigation, 921 F.2d 1330, 1332 (3d Cir. 1990), cert. denied, 499 U.S. 976 (1991).

Our caselaw is clear that the appellants bear the burden of establishing standing and that, in order to meet this burden, a non-settling party to a settlement agreement must do more than claim an interest in the lawsuit; the non-settling party "must show some cognizable prejudice to a legal relationship between it and the settling parties." Id. See also In re Fine Paper Litig. State of Wash., 632 F.2d 1081, 1087 (3d Cir. 1980) (non-party to a settlement cannot object to settlement terms not affecting non-party's rights); Utility Contractor's Ass'n of New Jersey v. Toops, 507 F.2d 83, 85 (2d Cir. 1975) (non-party lacks standing to object to partial settlement absent showing of interference with legal relationship between non-party and those settling).

The VRIF retirees in this matter have failed to meet their burden with respect to standing in that the partial settlement reached between Unisys and Sperry and Burroughs VRIP retirees does not affect the VRIFs' separate claims against Unisys. The claims of breach of contract, equitable estoppel and breach of fiduciary duty were pursued diligently at each stage of the proceedings in the district court and continue to be pressed in the related appeals. While we well understand that the Sperry VRIF retirees would prefer to have been included in the settlement reached, their exclusion, without more, does not

constitute legal prejudice. "[C]ourts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims . . . does not cause plain legal prejudice to the non-settling party." Agretti v. ANR, Freight Sys., Inc., 982 F.2d 242, 247 (7th Cir. 1992).

The order of the district court approving the partial settlement places no limits whatever on the rights of the Sperry VRIF retirees. In fact, the very essence of these retirees' challenge to the settlement is that their rights were not affected. The position of the VRIFs may be understandable. Nonetheless, it is not legally cognizable.

### III.

We will affirm the order of the district court to the extent that it is based on the finding that Sperry VRIF retirees lack standing to challenge the settlement.

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

_____

No. 94-2166

_____


IN RE:  UNISYS CORP. RETIREE MEDICAL BENEFIT
"ERISA" LITIGATION


  *Waldo R. Udarbe, Geraldine S. Seaman, Peter Freeman, Lawrence M. Merck, Reed C. Jansen, David M. Burton, Dean Wright Martin, Frederick A. Benson, Roger Vincent Gillette, Charles P. Johnson, Lloyd E. VanDeBerg, Joan R. Johnson, George Alvin McKellar, Kenneth Raymond Fechter, Arthur Blaine Buckner, Marlan L. Nielson, Anthony T. Dagostino, Lucille C. Amell, Dale E. Allar, Robert B. Rademacher, Harry W. Duchene, Philip H. Desilets, Jean B. Baregi, LeRoy C. Rees, Fred R. Murray, Joan D. Harty, Charles M. Harkness, Wallace L. Anderson, Edward J. Joa, Lewis H. Sampson, James A. Moha, Billy M. Garrish, John Kourajian, Marion K. Doody and other members of the Sperry class who should have been included in the settlement group but were not,

            Appellants

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. MDL-969)
District Judge:  Honorable Edward N. Cahn

———————

Before:  MANSMANN, SCIRICA and McKEE, <u>Circuit</u> <u>Judges</u>.

———————

JUDGMENT

This cause came to be considered on the record from the United States District Court for the Eastern District of Pennsylvania and was argued on May 4, 1995.

On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the district court entered on Oc